UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Naval Lawrence<br><br>Plaintiff,<br><br>v.<br><br>Odie Washington, *et al.*,<br><br>Defendants. | Civil Action No. 03-2557 (JDB) |

**MEMORANDUM OPINION**

In this action brought under 42 U.S.C. § 1983, plaintiff alleges that he was subjected to excessive use of force while confined at the District of Columbia Jail in July 2002, in violation of the Eighth Amendment. He also asserts common law claims of assault, emotional distress and negligence. Plaintiff sues the District of Columbia, then-Department of Corrections Director Odie Washington, Warden Steve Smith, and Corrections Officers Collins G. Snow and Giles Johnson. Following a period of discovery, defendants Johnson, Snow and Smith now move for partial summary judgment on the ground, among others, that plaintiff failed to exhaust his administrative remedies. Upon consideration of the parties' submissions and the entire record, the Court agrees and therefore will grant defendants' motion and dismiss the complaint in its entirety.

I. BACKGROUND

It is undisputed that on July 1, 2002, Corporal Johnson and plaintiff "engaged in a verbal exchange" following Johnson's search of plaintiff's cell for contraband, Def.'s Statement of Undisputed Material Facts ¶ 5, and that plaintiff, Johnson and Lieutenant Snow thereafter had a

"physical encounter" when plaintiff was being escorted from his cell unit to the "sally port." *Id.* ¶¶ 6-7. Plaintiff alleges that while handcuffed behind his back, Johnson hit him "in the mouth and told [him] to spit out the drug." Pl.'s Statement of Undisputed Material Facts ¶ 4. He alleges further that Snow sprayed pepper spray in his face and Johnson then threw him to the ground. *Id.* ¶ 6. Plaintiff filed an initial grievance of the incident on July 22, 2002, and an administrative appeal on September 8, 2003.

## II.  DISCUSSION

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Greene v. Dalton,* 164 F.3d 671, 674 (D.C. Cir. 1999). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288 (1968)). All reasonable inferences from the facts must be drawn in favor of the nonmoving party. *Id*. at 255.

Defendants assert that plaintiff cannot maintain his claims because he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides that "'[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has held that "the PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The D.C. Department of Corrections' inmate grievance process requires an inmate to file (1) a formal complaint (IGP Form 1) with the Inmate Administrator within 15 calendar days of the incident, (2) an appeal with the Associate Director (IGP Form 3) within five days of the Administrator's response, and (3) an appeal with the DOC Director (IGP Form 4) within five days of the Associate Director's response. *See* Def.'s Reply, Ex. 1 (Department Order, Inmate Grievance Procedure) at pp. 4-5. "The Director shall be the final level of appeal for each inmate who files a grievance in the DCDC." *Id*. at p. 6.

During discovery, plaintiff provided defendants with no documentation of his grievance. In a supplemental response to defendants' request for interrogatories submitted months after the filing of the pending dispositive motion [Doc. No. 25], plaintiff presented evidence showing that he pursued steps 1 and 2. Defendants maintain that they are entitled to summary judgment on this issue because plaintiff did not timely file his grievance or appeal and did not complete the process by appealing to the Director. Def.'s Reply at 4. Plaintiff's attachments to the supplement reveal that he filed his initial grievance on July 22, 2002, 21 days after the incident, and received a response on August 1, 2002. Plaintiff submitted his step 2 appeal on September 8, 2003, more than a year after the initial response. Under the grievance procedures, "[a]n inmates' failure to adhere to any of the prescribed requirements . . . can result in a grievance being dismissed." Def.'s Reply, Ex. 1 at p. 5.

Defendants have not suggested that the grievance was dismissed; thus, timeliness is not dispositive here. Rather, plaintiff is precluded from proceeding because he did not complete the process. Plaintiff does not refute defendants' claim that he failed to appeal to the Director nor has he provided any documentation of having taken the final step. In his sur-reply, plaintiff suggests instead that he was hindered from appealing to the Director because "the D.C. jail retaliated against" him by transferring him to the Correctional Treatment Facility ("CTF"), which admittedly is "located right beside the D.C. jail." Plaintiff Traverse Reply ("Sur-reply") [Doc. No. 37] at 2. Plaintiff asserts that at CTF, he was "in the intake block [on] 24 hour lockdown for a month or more" without access to "D.C. jail [grievance] procedures, [a] law library[,] legal materials and . . . legal advice." *Id*. He does not state when the transfer occurred and therefore provides no reasonable explanation for not having pursued the step 2 appeal within the required five days of the initial response dated August 1, 2002, and for not having pursued the final appeal to the Director. The DOC Order requires that the grievance procedures "be available to inmates regardless of any disciplinary, classification, or other administrative or legal condition affecting them." Def.'s Reply, Ex. 1 at p. 6. Notwithstanding plaintiff's alleged restrictive confinement at CTF, he admits that he was able to file a grievance "complaining about the cruel and unusual punishment" there and this lawsuit. Pl.'s Sur-reply at 2. Hence, plaintiff provides no reasonable basis for excusing his failure to complete, and thus exhaust, the administrative process.

For the foregoing reasons, the Court finds that no genuine issue of material fact exists with respect to plaintiff's failure to exhaust administrative remedies. Pursuant to the PLRA, defendants therefore are entitled to judgment as a matter of law on the federal claim. The Court

declines to exercise supplemental jurisdiction over the remaining common law claims and therefore will dismiss the complaint in its entirety.  A separate Order accompanies this Memorandum Opinion.

                                                     s/
                                       JOHN D. BATES
                                 United States District Judge

Dated:   April 21, 2006